**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHARLES FRANCIS GRAHAM,
*Defendant-Appellant.*

No. 02-4351

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-134-3)

Submitted: September 30, 2002

Decided: October 16, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Francis Graham appeals from his convictions and 294-month sentence for conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000); possession of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The magistrate judge accepted his guilty plea on March 15, 2001. On October 18, 2001, Graham filed a motion to withdraw his guilty plea.

Graham challenges the district court's decision to deny his motion to withdraw his guilty plea, arguing that he had made his motion prior to the acceptance of the guilty plea in the district court. However, Graham's guilty plea had been accepted by the magistrate judge following a complete Rule 11 inquiry as well as a clear waiver of his right to have his plea taken by the district court. A magistrate judge may accept pleas in felony cases, provided the defendant consents, and as long as the district court exercises de novo review of the magistrate judge's decision. *See United States v. Reyna-Tapia*, 294 F.3d 1192, 1200-01 (9th Cir. 2002); *United States v. Torres*, 258 F.3d 791, 794-95 (8th Cir. 2001); *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997); *United States v. Ciapponi*, 77 F.3d 1247 (10th Cir. 1996); *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994). The district court did not abuse its discretion in denying Graham's motion to withdraw his guilty plea. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

Graham also argues that the district court abused its discretion in finding a factual basis for Graham's guilty plea. Testimony presented sufficiently shows that Graham intended to enter into a conspiracy for the purpose of robbing a home in order to obtain a large quantity of cocaine. The amount of cocaine was sufficient to establish intent to distribute. *United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990). Although Graham later denied his involvement, credibility determinations are within the sole province of the factfinder. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). The district court did not

abuse its discretion in finding a sufficient factual basis for Graham's plea. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

We therefore affirm Graham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

*AFFIRMED*