# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1055

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jaime Torres, also known as | * | District of Nebraska. |
| Jamie Torres, also known as | * | |
| Jaime Torres Castellanos, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 11, 2001

Filed:    August 3, 2001

_____

Before WOLLMAN, Chief Judge, HAMILTON,[1] and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Jaime Torres pled guilty in district court[2] to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Torres appeals his

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

[2]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

sentence and the authority of the magistrate judge[3] to hear Torres's guilty plea. We affirm.

**I.**

On September 22, 2000, Torres pled guilty in exchange for dismissal of two other counts of the indictment. Pursuant to Torres's consent, the magistrate judge conducted the plea colloquy pursuant to Federal Rule of Criminal Procedure 11. The plea was accepted by the district court on October 13, 2000, in accordance with the magistrate judge's report and recommendation.

The district court conducted a sentencing hearing on December 15, 2000. Three of Torres's co-conspirators testified at the hearing. Melanie Berlie testified that she had purchased methamphetamine from Torres and Cassandra Brunick testified that she had purchased methamphetamine indirectly from Torres through his former girlfriend, Brandy Goatley, who testified that she and Torres had engaged in repeated methampthetamine sales. In addition, Rita Hemmer, a police officer with the city of Grand Island, Nebraska, testified that a cooperating individual had purchased methamphetamine from Torres. Torres testified on his own behalf and admitted that he had sold methamphetamine, but disputed the quantities alleged by the other witnesses. The court determined that Torres was responsible for 5.85 kilograms of methamphetamine and determined his total offense level to be 33 and his criminal history category to be II. The court sentenced him at the low end of the guidelines range to a prison term of 151 months, followed by five years of supervised release, and imposed a $100 special assessment.

---

[3]The Honorable David Piester, United States Magistrate Judge for the District of Nebraska, hearing the plea by the consent of the parties under 28 U.S.C. § 636.

## II.

On appeal, Torres argues that his sentence was excessive and that the magistrate judge did not have constitutional authority to conduct the plea proceedings.[4]

## A. Drug Quantity

Torres argues that the district court's finding that he was responsible for 5.85 kilograms of methamphetamine was excessive and that we should therefore remand the case for resentencing. We review the district court's calculation of drug quantity for clear error. United States v. Williams, 77 F.3d 1098, 1100 (8th Cir. 1996).

Torres contends that the court's quantity finding was erroneous because, although it was supported by the testimony of witnesses at the sentencing hearing, it substantially exceeded the quantity that Torres admitted to selling. Torres does not contest that the district court's determination was supported by the testimony of Berlie, Brunick, Goatley, and Hemmer; he simply asserts that the determination was erroneous because it does not comport with his testimony. Evaluations of witness credibility, however, are within the province of the district court. United States v. Anderson, 108 F.3d 151, 153 (8th Cir. 1996). A review of the sentencing hearing transcript reveals nothing to suggest that the district court's decision to give weight to the testimony of the other witnesses, rather than to Torres's, was clearly erroneous.

---

[4]Torres also contends that he has newly discovered evidence that Goatley committed perjury during the sentencing hearing. This claim has not been presented to the district court, and we will not consider it for the first time on appeal. In any event, Goatley's perjury at sentencing, if it in fact occurred, would have no bearing on the validity of Torres's conviction.

Torres also argues that the district court ran afoul of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), when it determined the drug quantity rather than submitting the question to a jury. Under <u>Apprendi</u>, " . . . any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2363; <u>see</u> <u>United States v. Chavez</u>, 230 F.3d 1089, 1091 (8th Cir. 2000). This argument was not raised in the district court, and therefore we review it for plain error. <u>United States v. Brown</u>, 203 F.3d 557, 568 (8th Cir. 2000) (per curiam).

Torres frames his argument thus: "Sentencing Torres to 151 months when he would have faced 0-20 years imprisonment and eligibility for probation under § 841(b)(1)(C) was plain error." <u>Apprendi</u>, however, does not bar the imposition of a sentence unless it exceeds the statutory maximum for the offense of conviction. <u>Chavez</u>, 230 F.3d at 1091. Torres pled guilty to conspiracy to distribute methamphetamine in violation of §§ 841(a)(1) and 846, and, as he notes, the statutory maximum for a conviction for an indeterminate drug quantity is 20 years, <u>see</u> § 841(b)(1)(C), 89 months longer than the sentence he in fact received. Accordingly, his sentence does not violate <u>Apprendi</u>, and there was no plain error. <u>Id.</u>

## B. Magistrate Judge's Acceptance of the Plea

Torres contends that the District of Nebraska's practice of allowing magistrate judges to conduct plea colloquies pursuant to a defendant's consent violated his due process right to have an Article III judge preside over his case. Because this argument was not raised before the district court, we review the claim for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993); <u>Brown</u>, 203 F.3d at 558.

Federal magistrate judges are not empowered to exercise judicial functions under Article III of the Constitution. Instead, their authority is that conferred by Congress under the Magistrates Act, 28 U.S.C. § 636. The Act enumerates certain duties,

excepts others, and provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." § 636(b)(3). The Supreme Court has held that "the carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial." Gomez v. United States, 490 U.S. 858, 872 (1989). Rule 11 plea colloquies are not mentioned among the duties in the Magistrates Act, creating some doubt as to whether the task of conducting plea hearings may statutorily and constitutionally be delegated to a magistrate judge.

Although this is a matter of first impression in our circuit, the Second, United States v. Williams, 23 F.3d 629 (2d Cir. 1994), Tenth, United States v. Ciapponi, 77 F.3d 1247 (10th Cir. 1996), and Fifth, United States v. Dees, 125 F.3d 261 (5th Cir. 1997), Circuits have addressed this issue in published opinions and concluded that, when a defendant consents, a magistrate judge may preside over an allocution and plea in a felony, at least so long as the district court exercises de novo review of the magistrate judge's decision.[5] The Tenth Circuit further held that the district court need not review the proceedings unless the parties so demand. Ciapponi, 77 F.3d at 1251.

In reaching their conclusions that magistrate judges may conduct plea hearings, our sister circuits have drawn on a pair of Supreme Court decisions addressing the authority of magistrate judges to conduct jury voir dire proceedings in felony cases. Gomez held that a magistrate judge may not, as an "additional duty" sanctioned by the Magistrates Act, conduct voir dire without the defendant's consent, and Peretz v. United States, 501 U.S. 923 (1991), held that the same function does fall within the magistrate judge's "additional duties" when the defendant has consented. Williams,

---

[5]The Seventh Circuit held similarly in an unpublished opinion, United States v. Javens, 221 F.3d 1339 (7th Cir. 2000) (table; text available at 2000 WL 791868).

23 F.3d at 632.  In <u>Gomez</u>, the Supreme Court held that the right of the defendant to have an Article III judge hear his felony case precluded the conclusion that the "additional duties" language authorized the substitution of a magistrate judge during <u>voir dire</u> absent the defendant's consent.  <u>See</u> 490 U.S. at 874-76.  In <u>Peretz</u>, the Court held that a defendant waives such an objection when he consents to the magistrate judge's involvement, 501 U.S. at 936, and that the availability of <u>de novo</u> review of <u>voir dire</u> by a district judge adequately preserves Article III's structural guarantees, 501 U.S. at 937-40.

The Second Circuit applied the <u>Peretz</u> holding to its analysis of whether the Magistrates Act empowers magistrate judges to accept pleas:

> In order for a Rule 11 allocution properly to fall within the sphere of "additional duties" authorized by Congress in the Magistrates Act, it must bear some relationship to those duties already assigned to magistrates by the Act.  An allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis.

<u>Williams</u>, 23 F.3d at 632 (citation omitted).  The court emphasized the importance of the defendant's consent to the magistrate judge's role:

> Even were a magistrate's taking of a guilty plea to be viewed as an additional duty of greater importance than those duties specifically assigned to magistrates, the consent requirement . . . saves the delegation.  Consent is the key.  With the parties' consent, a district judge may delegate to a magistrate judge the conduct of civil and misdemeanor trials.  We think these duties comparable in responsibility and importance to administering a Rule 11 felony allocution.

<u>Id.</u> at 633 (citing <u>Peretz</u>, 501 U.S. at 933; other citations omitted).

Applying the Peretz requirement that "additional duties" bear some relationship to duties expressly assigned by the Magistrates Act, the Fifth Circuit in Dees held that because it had previously found "that evidentiary proceedings to determine the voluntariness of a plea fall within the Act's explicit assignment of duties," and because a plea allocution is a "substantially similar" procedure, allocution is a permissible additional duty under § 636(b)(3). 125 F.3d at 265 (citing United States v. Rojas, 898 F.2d 40 (5th Cir. 1990). That court then went on to consider whether the delegation to the magistrate judge violated any of the structural protections afforded to the defendant by Article III.[6] Beginning with the premise that permitting a magistrate judge to preside over a felony trial would run afoul of Article III, but relying on the principle that even the delegation of "'a critical stage of the criminal proceeding'" did not implicate the structural guarantees of Article III, the court concluded that "[m]easured against the benchmark of voir dire, the taking of a guilty plea by a magistrate judge does not threaten the exclusive Article III power of a district court to preside over a felony trial." Id. at 267(quoting Gomez, 490 U.S. at 873, and citing Peretz, 501 U.S. at 937; other citations omitted).

Article III's structural guarantees, however, encompass more than the interests of the individual defendant. Recognizing that a delegation of judicial authority to a magistrate judge may also violate Article III's case and controversy clause "when a magistrate judge possesses final decisionmaking authority over a substantial issue in a case," the Fifth Circuit further concluded that the taking of a plea was sufficiently reviewable that its delegation does not present a structural problem. Id. at 268.

> We find that plea proceedings conducted by magistrate judges are sufficiently reviewable so as not to threaten Article III's structural guarantees. The taking of a plea by a magistrate judge does not bind the

---

[6]Like Torres, the defendant in Dees had waived any non-structural constitutional claims by consenting to the delegation to the magistrate judge. 125 F.3d at 266.

district court to accept that plea. Rather, the district court retains ultimate control over the plea proceedings, which are submitted to the court for its approval. Moreover, district courts review plea proceedings on a <u>de novo</u> basis, contributing to the ministerial nature of the magistrate's task.

<u>Id.</u> (citations omitted). Ultimately, the court rested its determination on the <u>Peretz</u> decision: "If voir dire is a sufficiently reviewable procedure to permit its delegation to a magistrate judge, so too must be a plea proceeding." <u>Id.</u>

We agree with the reasoning of the Second and Fifth Circuits. When Torres consented to have the magistrate judge hear his plea, he waived any personal right to have an Article III judge do so. After the magistrate judge conducted the plea colloquy, he submitted his report and recommendation to the district court and notified the parties of their right to file objections. The district court then conducted a <u>de novo</u> review of the magistrate judge's recommendation before entering the conviction. This is precisely the procedure authorized by <u>Williams</u> and <u>Dees</u>. We conclude that the magistrate judge's involvement did not violate Torres's rights, exceed the grant of power conferred by the Magistrates Act, or violate the structural guarantees of Article III. The entry of the judgment of conviction on the plea was therefore proper.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.