# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3719
_____

United States of America

*Plaintiff - Appellee*

v.

Tommy Haubrich

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 20, 2013
Filed: March 3, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Tommy F. Haubrich pled guilty to six counts related to burglary of and distribution of controlled substances. The district court[1] denied his motions to withdraw his guilty plea. Haubrich appeals, arguing the district court wrongly denied

_____

[1]The Honorable Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

these motions and violated Federal Rule of Criminal Procedure 11 during the change-of-plea hearing.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Haubrich was charged with eight counts, including conspiracy to distribute controlled substances under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (count 1); aiding and abetting possession of controlled substances with the intent to distribute under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (count 2); and burglary of and conspiracy to burglarize controlled substances under 18 U.S.C. §§ 2118(b)(1) and (d) (counts 4, 5, 6 and 7).  Haubrich changed his plea to guilty for these six counts.

At the change-of-plea hearing, the district court reviewed each count with Haubrich.  He testified he was satisfied with his legal representation, had sufficient time to consider the case, and said he read and understood the plea agreement. Haubrich confirmed that the decision to plead guilty was his, not his attorney's. While reviewing each count, the court did not state the maximum imprisonment for counts Four and Five, although they were listed in the plea agreement.  The court did discuss the potential for concurrent sentences:

> COURT:  And you understand that we have—since we have multiple sentences or multiple cases, that these sentences can be ordered to run concurrently with each other or consecutively with each other? You understand that?
> THE DEFENDANT:  Yes, Your Honor.

During the colloquy, Haubrich agreed to most of the facts the court mentioned, though he occasionally disagreed and clarified.  His attorney listed how the plea agreement benefitted Haubrich:  dismissal of two firearm charges, the ability to assert a lower drug quantity at sentencing, and a three-level reduction for acceptance of

responsibility. Haubrich confirmed that he and his attorney discussed the Sentencing Guidelines and that he had multiple felony convictions. The court specifically addressed paragraph 15 of the plea agreement, "Waiver of Appellate and Post-Conviction Rights." Haubrich agreed it was his purpose and desire to waive his right to appeal a finding of guilt, except on grounds of (1) ineffective assistance of counsel, or (2) prosecutorial misconduct. A month after his change of plea, Haubrich escaped from prison and was apprehended three days later.

The presentence investigation report calculated a total offense level of 38—adding two points for escape and not subtracting three points for acceptance of responsibility. It also labeled Haubrich a career offender, with a criminal history category VI. The resulting range was 360 months to life imprisonment.

Nine months after the change-of-plea hearing, Haubrich, with a new attorney, filed his first motion to withdraw his guilty plea, arguing that he was pressured into pleading guilty by his first attorney and that his plea was not knowing and voluntary. The district court denied the motion. Haubrich filed again, *pro se*, attaching three affidavits from family members, vaguely alluding to exculpatory evidence. The district court again denied the motion. At the sentencing hearing, the district court sentenced him to 360 months' incarceration.

## II.

Haubrich argues that the district court abused its discretion by denying his motion to withdraw his guilty pleas. The Government moves to dismiss the appeal based on the appellate waiver in the plea agreement. "Whether a valid waiver of appellate rights occurred is a question of law that we will review de novo." *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2010). To the extent Haubrich attacks ineffective assistance of counsel, the waiver expressly permits an appeal on this ground.

This court reviews "both the denial of a motion to withdraw and the refusal to hold a hearing under the abuse of discretion standard." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992). A defendant may withdraw a guilty plea after the court accepts it but before sentencing if "the defendant can show a fair and just reason." **Fed. R. Crim. P. 11(d)(2)(B)**. Although the standard for granting a motion to withdraw is liberal, the defendant has the burden to show fair and just grounds for withdrawal. *United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2012).

Haubrich claims that his counsel was ineffective. This can be a fair and just reason for withdrawal if the defendant can demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defendant. *United States v. Lawhorn*, 735 F.3d 817, 820 (8th Cir. 2013). Haubrich acknowledged that his counsel's performance was reasonable during the change-of-plea hearing. A defendant's "failure to assert any objections to counsel's performance at his change of plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea." *United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994) (internal quotation marks omitted).

Haubrich contends that a fair and just reason for withdrawal includes counsel's gross mischaracterization of the likely sentencing range. *See United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005). He says he was misled to believe his guilty plea would result in a five-year sentence. In this circuit, if the defendant understands the possible punishment, it matters not that he says counsel made other promises. *United States v. Peebles*, 80 F.3d 278, 279 (8th Cir. 1996). Peebles, who pled guilty and received 202 months, claimed that his attorney promised a 78-month sentence. *Id.* The plea agreement had no such terms and at the change-of-plea hearing he acknowledged the possible punishments. *Id.* This court affirmed the denial of Peebles's motion to withdraw his guilty plea. *Id.* at 280. Similarly, Haubrich's plea agreement does not stipulate a five-year sentence. He also confirmed he understood

the 20-year maximum sentences for four of his counts, and that the judge would consider the Sentencing Guidelines.

Haubrich asserts as a fair and just reason that his attorney gave him little time to review the plea agreement before pleading guilty. This argument is meritless. *United States v. Norvell*, 729 F.3d 788, 794 (8th Cir. 2013). At the change-of-plea hearing, Haubrich expressly stated he felt he had time to read and consider the plea agreement.

Haubrich also believes that the district court abused its discretion by not conducting an evidentiary hearing on his *pro se* motion, which included family members' affidavits claiming to "have knowledge" of "exculpatory evidence." The district court denied his *pro se* motion because the pretrial and scheduling order stated that, for pretrial motions: "Pro se filings will not be accepted for defendants who are represented by counsel." The district court "has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001).[2]

---

[2]Both of Haubrich's motions include assertions of innocence. In the plea agreement he waived his right to attack a finding of guilt. At any rate, the court need not hold an evidentiary hearing "'if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true.'" *United States v. Alvarado,* 615 F.3d 916, 920 (8th Cir. 2010), *quoting United States v. Morrison*, 967 F.2d 264, 267-68 (8th Cir. 1992); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985), *limiting United States v. Unger*, 665 F.2d 251 (8th Cir. 1981). Haubrich's allegations are not supported by specific facts. His allegations are inherently unreliable because of his testimony at the change-of-plea hearing, statements in the sentencing memorandum and proffer interview, and agreed factual basis in the plea agreement and supplemental cooperation letter. *See United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994) (finding defendant's allegations inherently unreliable because of contrary testimony at a change-of-plea hearing); *United States v. Johnson*, 751 F.2d 291, 294 (8th Cir. 1984) (holding "the

The district court did not abuse its discretion either in refusing to allow him to withdraw his guilty plea or by denying an evidentiary hearing.

III.

Haubrich argues that the plea colloquy was inadequate and thus his plea was involuntary. Contrary to the Government's motion to dismiss the appeal, Haubrich did not agree to waive any appeal challenging the plea's voluntariness. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) ("waivers are not absolute" and "the decision to be bound by the provisions of the plea agreement . . . must be knowing and voluntary"). *Cf. United States v. Gray*, 528 F.3d 1099, 1100, 1102 (8th Cir. 2008) (enforcing a broad waiver: "all rights to appeal all non-jurisdictional issues including . . . any issues relating to . . . taking or acceptance of the guilty plea"). Because he did not object to a Rule 11 error at the district court, he has the burden to show plain error under Rule 52(b). *United States v. Frook*, 616 F.3d 773, 775-76 (8th Cir. 2010)**;** *United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009). Under plain error review, the defendant must show (1) an error that, (2) was plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Goodwin*, 719 F.3d 857, 865 (8th Cir. 2013), *citing United States v. Rush-Richardson*, 574 F.3d 906, 910 (8th Cir. 2009). A Rule 11 error affects substantial rights only where the defendant shows a reasonable probability that but for the error, he would not have entered a guilty plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

As applicable here, Rule 11(b)(1) requires the court to inform the defendant of: the maximum possible penalty (H); the minimum penalty (I); and the court's obligation to calculate and consider the applicable sentencing range (M). According

representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral proceeding") (internal quotation marks omitted).

to Haubrich, the district court failed to inform him of (1) the penalties for counts Four and Five, (2) the maximum sentence if he were classified as a career offender under U.S.S.G. § 4B1.1, and (3) the effect of escape on his sentence. He also asserts that he was misled to expect a five-year sentence.

The district court deviated from Rule 11 by failing to inform Haubrich of the maximum penalties for counts Four and Five. He, however, does not show a reasonable probability that the error caused him to plead guilty. *See **United States v. Todd***, 521 F.3d 891, 896-97 (8th Cir. 2008) (finding no plain error when the district court did not tell defendant the maximum penalty of life, though it warned him of the possibility of a sentence harsher than five years). It is not clear that Haubrich would have gone to trial—giving up dismissal of the firearm charges and a three-level reduction for acceptance of responsibility—had the court advised him of the additional 30 years to his acknowledged 80-year potential (Haubrich was 39 years old at sentencing). Further, the combined sentence for counts Four and Five—240 months—is concurrent with the combined sentence for counts One and Two—360 months. Haubrich's sentence would be the same 30 years even without counts Four or Five. *See **United States v. Martin***, 714 F.3d 1081, 1084 (8th Cir. 2013) (finding no plain error although the district court failed to notify defendant of a statutory minimum because his sentence was within what defendant could have expected). It is not clear or obvious that Haubrich would have pleaded differently if properly informed of the maximum sentences on counts Four and Five.

Haubrich complains the district court erred by failing to address the maximum sentence if he were found to be a career criminal under U.S.S.G. § 4B1.1. The Guidelines, however, do not alter the underlying criminal statutes and do not impose a "maximum" or "mandatory minimum" penalty within the meaning of Rule 11(b)(1). *See **United States v. Salva***, 902 F.2d 483, 486–87 (7th Cir. 1990). Rule 11 does not require the court to predict the applicable guideline range. ***Thomas v. United States***, 27 F.3d 321, 324 (8th Cir. 1994), *citing **United States v. Fernandez***, 877 F.2d 1138, 1143-44 (2d Cir. 1989). Even though U.S.S.G. § 4B1.1 may affect the punishment imposed, Rule 11(c)(1) requires only that the district court inform the defendant that

it must consider the Guidelines but may depart from them. Haubrich also agreed to be bound by his guilty plea, even if the sentence was more severe than expected.

Haubrich's other arguments are meritless. Rule 11 does not require the court to explain that escaping from prison increases the offense level. Misunderstanding the Guidelines does not invalidate a plea. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006). Haubrich testified he read and understood the plea agreement, which says that committing a crime negates both his acceptance-of-responsibility points and the Government's obligations under the agreement. Haubrich also confirmed that, other than the plea agreement, he had no other agreements that caused him to plead guilty. Although Haubrich now asserts that an FBI agent promised a five-year sentence, the court properly informed Haubrich it would decide his Guidelines range.

*  *  *  *  *  *  *

The district court did not abuse its discretion in denying Haubrich's motion to withdraw the guilty plea without a hearing and did not commit plain error during the Rule 11 plea colloquy.

The judgment is affirmed.

_____