**UNITED STATES of America,
Plaintiff,**

v.

**Tommy HAUBRICH, Defendant.**

**No. 11-CR-00039-03-W-DGK**

United States District Court,
W.D. Missouri, Western Division.

Signed September 29, 2015

Bruce A. Rhoades, U.S. Attorney's Office, Kansas City, MO, for Plaintiff.

John A. Picerno, Kansas City, MO, for Defendant.

## ORDER DENYING CLAIMANT'S THIRD-PARTY PETITION

GREG KAYS, CHIEF JUDGE,
UNITED STATES DISTRICT COURT

Defendant Tommy Haubrich ("Haubrich") was convicted of six federal felonies related to burglarizing and distributing controlled substances. In connection with those convictions, the Court entered a money judgment ordering Haubrich to forfeit approximately $1.4 million. When Plaintiff United States of America ("the Government") could not locate that much money from him, it moved to substitute real property Haubrich owned in Pennsylvania.

Claimant Darlene Brennan ("Brennan"), Haubrich's mother, has filed a pro se petition asserting an interest in the property (Doc. 174). Because Brennan was only a nominal owner of the property, the Court DENIES Brennan's petition and orders the property fully FORFEITED to the Government.

### Findings of Fact and Conclusions of Law

Haubrich pled guilty in this Court to six felonies: conspiracy to distribute controlled substances; aiding and abetting the possession of controlled substances with the intent to distribute; and four counts of burglarizing, and conspiring to burglarize, controlled substances. At his change-of-plea hearing, Haubrich agreed to the allegations in the criminal forfeiture count of the Superseding Indictment.

On January 4, 2012, the Court entered an order directing Haubrich to forfeit a sum of money derived from his offenses, totaling $1,444,120.00. *See* 21 U.S.C. § 853(a)(1). In November 2012, the Court sentenced Haubrich to 360 months' imprisonment and made final its earlier order of forfeiture.[1]

After the appeal concluded, the Government established it could not find all of the money despite its due diligence. *See* 21 U.S.C. § 853(p)(1)(A). The Government moved to amend the order of forfeiture under Federal Rule of Criminal Procedure 32.2(e), alleging that Haubrich owned a parcel of real property at 1432 Van Kirk Street in Philadelphia, Pennsylvania ("the Property"). The Government sought the Property's forfeiture as a substitute asset. The Court granted the motion and issued an amended order of forfeiture on April 16, 2014. By this amended order, the forfeiture of Haubrich's interest in the Property, to the extent he had any, became final. *See* Fed. R. Crim. P. 32.2(e)(2)(A).

Claimant Brennan then filed a timely "Petition Requesting a Hearing for the Adjudication Regard[ing] Property Interest," asserting her claim to the Property (Doc. 174). Pursuant to Rule 32.2(e)(2)(B), the Court initiated the present ancillary proceeding.

The Court held an ancillary forfeiture hearing on September 24, 2015, in Kansas City, Missouri, in which the parties pre-

---

**1.** Haubrich appealed to the Eighth Circuit, which affirmed his conviction and sentence. *United States v. Haubrich,* 744 F.3d 554 (8th Cir.2014). He has opened a separate case to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. *Haubrich v. United States,* No. 15–CV–00155–W–DGK (W.D.Mo. filed Feb. 27, 2015).

sented documentary exhibits and testimony from witnesses Susan Welsh and Micheal V. Stokes, both of whose testimony the Court finds fully credible. Considering the evidence presented and the record in this criminal action, the Court finds the facts to be as follows. *See* 21 U.S.C. § 853(n)(5).

Haubrich bought the Property in 2006 for $35,000. At some point, Haubrich ended up in Missouri. He began burglarizing and distributing controlled substances in the spring of 2010, and continued doing so until he was arrested in 2011.

On January 19, 2012, fifteen days after the Court entered its preliminary order of forfeiture against the money, Haubrich executed a deed conveying title of the Property to Brennan. In return, Brennan paid him $1. According to a Real Estate Transfer Tax Certification sent by Brennan's attorney to the City of Philadelphia and dated February 13, 2012, the fair market value of Property then was $76,623.68. Brennan has never sold or secured a loan with the Property.

Brennan claims that she has invested $15,000 in the Property since purchasing it. For example, she says she has improved the roofing, floors, doors, sheetrock, heating and air conditioning system, countertops, windows, plumbing, and locks. The Court finds these claims incredible. She has never produced any record, receipt, invoice, or document of any kind evincing maintenance, repairs, or improvements made on the Property. Her bank records do not show any withdrawals, check payments, or debits large enough to have plausibly paid for intensive home improvement projects. Nor could she have paid for these projects with cash that did not go through her bank: she has been unemployed since 1990, surviving on Social Security income which is directly deposited into her bank account.

Brennan has not used the Property for her own benefit. She does not live there, instead residing over 100 miles away in Edwardsville, Pennsylvania. There is no evidence that she has regularly visited the Property. Brennan did not pay taxes on the Property since purchasing it, but she has paid all of the taxes due on her Edwardsville residence.

Brennan's ownership of the Property has benefitted her son. She allowed her son's friend, Chris Elenback, to stay at the Property, and she did not collect rent from him. In several emails written from prison, Haubrich has referred to the Property as "my house" and "my biggest and most important investment." Haubrich repeatedly expressed that he wanted his mother to sell the Property to fund his legal defense, writing that "all is riding on this house." When answering discovery in the ancillary proceeding, Haubrich assisted Brennan in answering questions about the Property.

### Standard

Having held a hearing on the matter, the Court can now terminate the ancillary proceeding and fully adjudicates the parties' rights in the Property. *See* Fed. R. Crim. P. 32.2(c)(2). The issue here is not *whether* the Property is subject to forfeiture; that issue has already been decided by the Court's order granting substitute forfeiture (Doc. 205) (holding that the Property qualified as forfeitable substitute property under 21 U.S.C. § 853(p)(1)(A)). Rather, the court must determine whether the property belongs to the third party contesting the forfeiture. Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 23-2 (2d ed. 2013).

In an ancillary proceeding, a claimant must establish that she has statutory standing, which in this context means she has a legal interest in the forfeited property. *See* 21 U.S.C. § 853(n)(2). Then, the

claimant can prevail if she establishes by a preponderance of the evidence that her ownership interest is superior to the Government's, or that she is a bona fide purchaser for value. *Id.* § 853(n)(6).

## Discussion

■ The Court begins by determining what legal interest Brennan has in the Property. The court applies the law of the jurisdiction that created the claimant's property interest to ascertain what interest she has in it. *United States v. Timley*, 507 F.3d 1125, 1129–30 (8th Cir.2007). The court can deviate from state law if applying state law so would "frustrate a federal interest." *United States v. Totaro*, 345 F.3d 989, 994 (8th Cir.2003) (analyzing criminal forfeiture under the Racketeer Influenced and Corrupt Organizations Act, which employs an essentially identical statutory scheme).

Courts have departed from state law in cases where it appears that the claimant was a "straw" or "nominal" owner. *See United States v. Morgan*, 224 F.3d 339, 342–43 (4th Cir.2000) (upon review of congressional intent, declining "to consider the role of state law" in favor of "evaluat[ing] whether the petitioner is a nominee when reviewing the substance of a § 853(n) claim") (footnote omitted)); *see also Totaro*, 345 F.3d at 995–96 (implicitly applying federal common law to determine ancillary proceeding standing without referencing the law of the state which it held established the claimant's legal interest); *United States v. Bond*, No. 6:13–CR–3013–MDH–2, 2015 WL 403102, at *3–4 (W.D.Mo. Jan. 28, 2015). *But cf. United States v. 1997 Int'l 9000 Semi Truck*, 412 Fed.Appx. 118, 123 n.8 (10th Cir.2011) (acknowledging a circuit split). Such courts have held that a claimant is a nominal owner, irrespective of state law, if she holds bare legal title to the forfeited property but exercises no dominion or control over it. *E.g. Morgan*, 224 F.3d at 343

(citing *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28–29 (8th Cir.1979)); *Nominee, Black's Law Dictionary* (10th ed. 2014) (defining "nominee" as "[a] party who holds bare legal title for the benefit of others or who received and distributes funds for the benefit of others"). A nominal owner has no legal interest, and thus no statutory standing. *See Morgan*, 224 F.3d at 343.

■ Brennan is a nominal owner of the Property. She holds no more than bare legal title to the Property, having never exercised any dominion or control over it. She does not live on or regularly visit the Property. She has never used the Property for any purpose except letting her son's friend stay there without collecting rent. She has never invested any money into the Property, nor has she sold or mortgaged the Property to raise money. She does not pay taxes on the Property, even though she has managed to pay the taxes on her primary residence in Edwardsville.

Rather, Brennan owns the Property solely to benefit her son. She took title to the Property about two weeks after the Court ordered Haubrich to forfeit approximately $1.4 million. Even though the Property was worth tens of thousands of dollars, Haubrich sold it to her for only $1. This demonstrates that Haubrich was trying to quickly and inexpensively title the Property in his mother's name, thereby keeping the Government from taking it in his criminal prosecution. Even though Brennan owned the Property, Haubrich was involved in its future. He helped provide answers to Brennan's discovery questions, suggesting he was helping her evade forfeiture. His frequent emails show that there was a plan for Brennan to sell the Property to raise money—not for herself, but for Haubrich, to use in his legal defense.

Because Brennan held legal title to the Property but held it exclusively for Haubrich's benefit, the Court finds that Brennan was a mere nominal owner of the Property. *See Morgan*, 224 F.3d at 343. Therefore, she has no legal interest in the Property. *See id.*; 21 U.S.C. § 853(n)(2). Her having no interest, the Court need not examine the merits of her claim. *See* 21 U.S.C. § 853(n)(6).

### Conclusion

In view of the foregoing, Brennan's petition (Doc. 174) is DENIED. Because: Haubrich's legal interest in the Property has already been forfeited to the Government; Brennan has no legal interest in the Property; and no other third party has petitioned for an ancillary proceeding, the Property is hereby fully and completely forfeited to the Government and the First Amended Preliminary Order for Forfeiture (Doc. 172) is made final as to all parties. *See* Fed. R. Crim. P. 32.2(c)(2) ("When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights.").[2]

All right, title, and interest in the following specific property is now forfeited to and vested in the United States:

Real Property located at 1432 Van Kirk Street, Philadelphia, Pennsylvania, more fully described as:

ALL that certain piece lot or piece of ground with the buildings and improvement thereon erected described according to a Survey and Plan thereof made by Amos B. Engle, Esquire, Surveyor and Regulator of the 101th District on November 5, 1936 as follows to wit:

SITUATE on the Southwest side of Vankirk Street (70 feet wide) in the 55th Ward formally part of the 35th Ward of the City of Philadelphia BEGINNING at the distance of 258 feet 11 ½ inches Southeast from the Southeast side of the Large Street (70 feet wide)

CONTAINING in front or breadth on the same depth Southwest between parallel lines at right angles to the said Vankirk Street 83 feet to the middle of a certain 14 feet wide driveway extending Northwest into Large street and Southeast into Horrocks Street and Northwest and Southwest Lines thereof passing thru the center of the party walls dividing this from adjoining messuage or tenement on the Northwest and Southeast.

BEING 1432 Vankirk Street.

The United States of America is given clear title to the above-described property, and may warrant good title to any subsequent purchaser or transferee.

The United States Marshals Service is ORDERED to seize and dispose of the above-described property according to law, with the proceeds applied to the money judgment entered in this case.

**IT IS SO ORDERED.**

---

2. The Assistant United States Attorney advised at the hearing that the City of Philadelphia has recently sold the Property in a tax sale. Neither the City of Philadelphia nor the Property's buyer has ever filed a petition asserting an interest in the Property, even though the Government had recorded a lis pendens on the Property (Doc. 169) and published notice of its intent to take the Property (Doc. 178).