# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2314
_____

United States of America

*Plaintiff - Appellee*

v.

Bonnie Cortez-Hernandez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 23, 2016
Filed: December 9, 2016
[Unpublished]
_____

Before WOLLMAN, BRIGHT, and KELLY, Circuit Judges.
_____

PER CURIAM.

Bonnie[1] Cortez-Hernandez was charged in five counts of a nine-count indictment. She pleaded guilty to three of the five counts during a change-of-plea

_____

[1]The record is unclear as to whether the defendant's first name is spelled "Bonny" or "Bonnie."

hearing conducted by a magistrate judge. The district court adopted the magistrate judge's report and recommendation[2] and sentenced Cortez-Hernandez to a term of imprisonment and supervised release on each count. On appeal, Cortez-Hernandez challenges the voluntariness of her plea and the procedure by which the district court adopted the magistrate judge's recommendation.

## I. Background

Cortez-Hernandez entered into a plea agreement with the government, agreeing to plead guilty to one count of conspiracy to distribute five-hundred (500) grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h) (Count 2); and one count of aiding and abetting the use, carrying, and possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i) (Count 7). The plea agreement required that she waive her rights to withdraw her guilty plea and appeal her sentence (except in limited circumstances), informed her of the potential maximum sentence for each count of conviction, and warned her of the government's ability to use any false statements she may make at the plea hearing against her in a subsequent perjury prosecution.

At the outset of Cortez-Hernandez's change-of-plea hearing, the magistrate judge spoke with Cortez-Hernandez, her lawyer, and counsel for the government regarding Cortez-Hernandez's right to have an Article III judge preside over the hearing. No one objected to the magistrate judge presiding. In conducting the hearing, the magistrate judge failed to inform Cortez-Hernandez of the maximum

---

[2]The Honorable Gary A. Fenner, United States District Court for the Western District of Missouri, adopting the report and recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

possible punishment on Count 7 and failed to inform Cortez-Hernandez of the government's right to prosecute Cortez-Hernandez for perjury should she make any false statements under oath during the change-of-plea hearing. The magistrate judge thereafter issued a written report and recommendation that the district court accept Cortez-Hernandez's guilty plea. Neither party filed objections to the report, and the district court adopted the report and recommendation. At sentencing, Cortez-Hernandez received a 132-month sentence on each of Counts 1 and 2, to run concurrently, and a 60-month sentence on Count 7, to run consecutive to Counts 1 and 2, for a total term of imprisonment of 192 months, plus a subsequent term of supervised release and a special assessment.

Cortez-Hernandez challenges her guilty plea.[3] She argues that her plea was not knowing and voluntary because the magistrate judge failed to explain Cortez-Hernandez's right to have an Article III judge conduct the hearing, the potential maximum sentence on Count 7, and the possibility of a future perjury prosecution. She also argues that the district court failed to conduct a de novo review of the magistrate judge's report and recommendation. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Discussion

Cortez-Hernandez did not object to the magistrate judge conducting her change-of-plea hearing or allege any violation of Federal Rule of Criminal Procedure 11 in the district court. Therefore, we review these issues for plain error. See United States v. Thompson, 770 F.3d 689, 694 (8th Cir. 2014) (addressing voluntariness of plea on

---

[3]The government moves to dismiss Cortez-Hernandez's appeal, arguing that she waived her right to appeal her conviction as part of her plea agreement. "We decline to address the validity of the appeal waiver because, even assuming [Cortez-Hernandez]'s waiver does not preclude appeal, [she] is not entitled to relief." United States v. Jones, 756 F.3d 1121, 1121 n.2 (8th Cir. 2014) (per curiam).

direct appeal); United States v. Haubrich, 744 F.3d 554, 558 (8th Cir. 2014) (Rule 11 violations); United States v. Torres, 258 F.3d 791, 794 (8th Cir. 2001) (magistrate judge conducting plea hearing). "Under plain error review, the defendant must show (1) an error that, (2) was plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." Haubrich, 744 F.3d at 558. Plain error requires that an error be "clear or, equivalently, obvious," and that the error "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993) (quotations omitted).

First, Cortez-Hernandez argues she did not knowingly consent to proceed before the magistrate judge because she was not adequately informed of her right to have an Article III judge preside over the hearing. This allegation is not supported by the record. The magistrate judge explained that the change-of-plea hearing was pending before the district court, but had been referred to him. He asked both the lawyer for the government and Cortez-Hernandez's lawyer whether they objected to proceeding before the magistrate; neither lawyer voiced any objection. Cortez-Hernandez's lawyer explained that he had also spoken with Cortez-Hernandez about the issue, and that she had no objection. Cf. Peretz v. United States, 501 U.S. 923, 932 (1991) (defendant knowingly consented to magistrate judge conducting voir dire in felony trial through counsel). The magistrate judge then addressed Cortez-Hernandez directly. He explained that the district judge would impose the sentence and that he, as a magistrate judge, could not take her plea without her consent. When the magistrate judge asked Cortez-Hernandez if it was "okay" with her to proceed, she responded that it was. She then declined the opportunity to ask the judge "any questions about it." Cortez-Hernandez knowingly consented to proceed before the magistrate judge, and the lower court committed no error, plain or otherwise, in proceeding with the plea before the magistrate judge. See United States v. Underwood, 597 F.3d 661, 669–72 (5th Cir. 2010) (noting that courts can presume defense counsel is aware of a defendant's right to plead guilty before an Article III

judge and that a "defendant's personal right to have an Article III judge conduct his plea proceeding is waived if neither he nor his attorney raised an objection before the magistrate judge"); United States v. Woodard, 387 F.3d 1329, 1331, 1333 (11th Cir. 2004) (per curiam) (defendant's oral consent to magistrate judge presiding over change of plea hearing sufficient); see also Peretz, 501 U.S. at 936.

Next, Cortez-Hernandez argues that her plea was not knowing and voluntary because the magistrate judge made at least two errors during the Rule 11 plea colloquy. The parties do not dispute that the magistrate judge erred by failing to inform Cortez-Hernandez of the potential maximum sentence on Count 7, as required by Rule 11(b)(1)(H). Similarly, though the magistrate judge informed Cortez-Hernandez that she was obligated to tell the truth, he did not warn her of any potential penalties for failing to be truthful. We therefore assume for purposes of this analysis that the magistrate judge also erred by failing to inform Cortez-Hernandez of the possibility of a future perjury prosecution, as required by Rule 11(b)(1)(A).

"A Rule 11 error affects substantial rights only where the defendant shows a reasonable probability that but for the error, [s]he would not have entered a guilty plea." Haubrich, 744 F.3d at 558. A Rule 11 violation may be harmless "where the defendant was aware, or could have been made aware, of the omitted information through other means, e.g., a plea agreement containing the information the court omitted during the plea hearing." United States v. Gray, 581 F.3d 749, 754 (8th Cir. 2009) (per curiam); see United States v. Gillen, 449 F.3d 898, 903–04 (8th Cir. 2006) (concluding that error in failure to give Rule 11 warning verbatim was harmless when agreement contained warning and defendant affirmed that he understood the agreement); see also United States v. Dominguez Benitez, 542 U.S. 74, 85 (2004) ("And even if there were reason to think the warning from the bench could have mattered," the warning contained in the plea agreement "tends to show that the Rule 11 error made no difference to the outcome here."). Here, Cortez-Hernandez's plea agreement accurately identified the maximum potential punishment for each count of

conviction, including Count 7, and warned Cortez-Hernandez of the possibility of a future perjury prosecution. Plain error review puts the burden on Cortez-Hernandez to show that any errors affected her substantial rights. See Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."); Haubrich, 744 F.3d at 558 (defendant must demonstrate a "reasonable probability" that she would not have pleaded guilty but for these errors). Cortez-Hernandez offers no evidence in support of her assertion that she would not have pleaded guilty absent these errors. Therefore, there was no plain error.[4]

Finally, Cortez-Hernandez challenges the procedure by which the district court accepted her guilty plea. A magistrate judge may take a guilty plea in a felony case when the defendant consents to proceed before the magistrate judge and the district court "conduct[s] a de novo review of the magistrate judge's recommendation before entering the conviction." Torres, 258 F.3d at 796 (adopting the Second and Fifth Circuits' rationale in applying the consent requirement of Peretz, 501 U.S. at 932–37, to a magistrate judge's taking of a guilty plea).[5] Cortez-Hernandez argues that the district court did not conduct de novo review because it did not identify the errors discussed above, and therefore the district court's adoption of the magistrate judge's report failed to meet Torres' constitutional requirements. The parties agree that

---

[4]Cortez-Hernandez requests that we reconsider the principle that a warning contained in a plea agreement may satisfy Rule 11 because it places an unfair presumption of knowledge on criminal defendants. However, because "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of another panel," we decline to do so. United States v. Eason, 829 F.3d 633, 641 (8th Cir. 2016) (quoting United States v. Anderson, 771 F.3d 1064, 1066–67 (8th Cir. 2014)).

[5]Torres held that this procedure—defendant's consent to proceed before a magistrate judge followed by the district court's de novo review—is constitutional. 258 F.3d at 796. We decline Cortez-Hernandez's request to revisit the constitutionality of this process. See Eason, 829 F.3d at 641 (precedent set by another panel is binding absent intervening change in law).

because Cortez-Hernandez did not raise this issue in the lower court, this argument is subject to plain error review. Id. at 794.

There is insufficient evidence in the record to demonstrate that the district court failed to conduct de novo review. The district court had a transcript of the plea hearing more than two weeks before formally accepting Cortez-Hernandez's guilty plea. In its order adopting the magistrate judge's report and recommendation, the district court stated that it engaged in "careful and independent review" before finding that "the defendant's plea was knowledgeable and voluntary" and that there was a factual basis for the plea. See Edmundson v. Turner, 954 F.2d 510, 513–14 (8th Cir. 1992) (district court's explicit statement that it reviewed report and recommendation de novo is not required where the district court's order otherwise indicates that it engaged in an independent review of the record). In arguing that the district court failed to conduct a de novo review, Cortez-Hernandez points only to the district court's failure to identify the errors she claims occurred during the plea hearing. But, even if we assume procedural error, Cortez-Hernandez has not articulated any basis for the conclusion that she would not have pleaded guilty but for this error. Because she has not shown that any failure to conduct de novo review "affected the outcome of the district court proceedings," Olano, 507 U.S. at 734, she has not met her burden under plain error review.

## III. Conclusion

We deny the government's motion to dismiss Cortez-Hernandez's appeal and affirm Cortez-Hernandez's conviction.

_____