# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2839

_____

United States of America

*Plaintiff - Appellee*

v.

Kristopher Hatch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: April 4, 2017
Filed: June 8, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kristopher Hatch appeals, challenging the district court's[1] denial of his motion to withdraw his guilty plea.  We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

In December 2015, a grand jury charged Hatch, along with several others, with multiple drug conspiracy, possession, and firearms charges. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C),[2] Hatch pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The plea agreement prescribed a sentence of 151 months' imprisonment.

Following Hatch's plea, the presentence investigation report (PSR) calculated Hatch's suggested Guidelines sentence applying a career-offender enhancement and an armed-career-offender enhancement under the Armed Career Criminal Act (ACCA), which carried a fifteen-year (180-month) mandatory minimum. Hatch then filed a motion to withdraw his plea claiming that the plea agreement had been "nullified." The government did not resist this motion, informing the district court that at the time the parties entered into the plea agreement, they were "unaware" that Hatch qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), and that this change of events prohibited the court from enforcing the agreed-upon 151-month sentence in the plea agreement. At the hearing on the motion, the district court determined that the armed-career-offender provision did not apply to Hatch, and thus Hatch's counsel sought to withdraw his pending motion to withdraw the plea. The district court denied the motion as moot and held that it would proceed under the original plea agreement.

In May, Hatch submitted a pro se letter to the court, and newly appointed counsel filed a second motion to withdraw the plea, both claiming ineffective assistance of counsel and questioning the fairness of the plea agreement. The

_____

[2]A Rule 11(c)(1)(C) plea agreement binds not only the government and the defendant, but also the court if the court accepts the agreement. United States v. Scurlark, 560 F.3d 839, 841-42 (8th Cir. 2009).

government resisted the motion. The district court denied the motion, holding that Hatch did not establish that his previous counsel's assistance was ineffective or that he was prejudiced, and that he failed to establish a fair and just reason for withdrawal of his plea. The court additionally held that given the record and Hatch's criminal history, the sentence stipulated to in the agreement (151 months) was significantly lower than what would likely result under the Guidelines, making it even more difficult to discern any ineffective assistance of counsel.

At sentencing, Hatch again renewed his request to withdraw the plea and additionally testified about his concerns with his counsel's effectiveness, certain alleged errors of fact in the PSR, his belief that there was insufficient proof of drug amounts attributed to him in this matter, and his own differing calculations regarding the suggested Guidelines sentence. The district court sentenced Hatch to 151 months' imprisonment pursuant to the joint recommendation of the parties contained in the Rule 11(c)(1)(C) plea agreement. Hatch appeals, arguing he had fair and just reasons for withdrawing his plea and the district court should have allowed him to do so.

A defendant may withdraw a plea of guilty before the court imposes sentence if the defendant can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." United States v. Van Doren, 800 F.3d 998, 1001 (8th Cir. 2015) (quoting United States v. Heid, 651 F.3d 850, 853 (8th Cir. 2011)). The burden is on the defendant to establish the fair and just grounds for the withdrawal of a guilty plea. United States v. Haubrich, 744 F.3d 554, 557 (8th Cir. 2014). This court reviews the denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion. United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016), cert. denied, 137 S. Ct. 617 (2017).

Hatch claims his counsel was ineffective. "This can be a fair and just reason for withdrawal if the defendant can demonstrate both that counsel's performance was

deficient and that the deficiency prejudiced the defendant." Haubrich, 744 F.3d at 557. During Hatch's initial change-of-plea hearing the magistrate judge[3] questioned Hatch extensively about his knowledge of the pending charges, the evidence that would likely be presented should the matter proceed to trial, Hatch's plea agreement, and Hatch's decision to plead guilty. During that colloquy Hatch acknowledged that he was "fully satisfied" with his counsel's performance during the negotiation of the plea and during the change-of-plea hearing. "A defendant's 'failure to assert any objections to counsel's performance at his change-of-plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea.'" Id. (quoting United States v. Hughes, 16 F.3d 949, 951 (8th Cir. 1994)). Hatch's testimony at the change-of-plea hearing refutes his current claim that his first attorney lied to him and misled him during plea negotiations. The district court did not abuse its discretion in finding that Hatch failed to establish that his counsel's performance was deficient and that the deficiency prejudiced him.

Also on appeal, Hatch again challenges the failure of counsel to raise certain "viable" defenses, the drug quantity attributed to him, and the alleged lack of evidence of his ownership of the home where the weapon attributed to him was found. These arguments fail. First, Hatch admitted under oath the factual basis for the charges, affirmed his full satisfaction with his attorney, and reiterated his willingness to enter into the plea agreement. Second, after the change-of-plea hearing, the district court thoroughly addressed these arguments when it addressed Hatch's second motion to withdraw his plea, and again when it discussed them at sentencing, noting that even if it were to credit some of the issues raised by Hatch following the change-of-plea hearing, the Guidelines range would still be a range significantly higher than the 151 months agreed to in the plea. Hatch also renews his claim that the government acted in bad faith and tried to nullify the plea agreement

---

[3]The Honorable Helen C. Adams, United States Magistrate Judge for the Southern District of Iowa.

after the PSR included the armed-career-offender enhancement under the ACCA. The district court appropriately disposed of that claim when it noted that the parties entered into the Rule 11(c)(1)(C) agreement *before* the government raised the issue of the ACCA's potential applicability and thus this issue had no bearing on the plea agreement whatsoever. Carefully reviewing the entirety of the record, we find no abuse of discretion in the district court's determination that Hatch failed to establish fair and just grounds for the withdrawal of his guilty plea.

For these reasons, we affirm.

_____