# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2712

_____

United States of America

*Plaintiff - Appellee*

v.

Earl Murray, also known as E

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 5, 2021
Filed: April 12, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Earl Murray received a 108-month prison sentence after pleading guilty to conspiracy to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. As relevant here, the plea agreement waived his right to appeal "any issues relating to pretrial motions . . . and the guilty plea." In an *Anders* brief, Murray's

counsel requests permission to withdraw and suggests that the district court[1] should have permitted Murray to withdraw his plea. *See Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the waiver in this case is both applicable and enforceable. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining when an appeal waiver will be enforced).[2] We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

KELLY, Circuit Judge, concurring in the judgment.

Earl Murray appeals the denial of his motion to withdraw his guilty plea. The plea agreement he entered contains an appeal waiver, but Earl Murray asserts that he did not knowingly and voluntarily enter the agreement. Because Murray did not waive the right to appeal the voluntariness of his plea, see United States v. Haubrich, 744 F.3d 554, 558 (8th Cir. 2014) (appeal waiver in plea agreement did not bar appeal of denial of motion to withdraw guilty plea because defendant "did not agree to waive any appeal challenging the plea's voluntariness"), the issue he raises is properly before us. Nevertheless, a review of the record shows that the district court

---

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

[2] The record demonstrates that Murray knowingly and voluntarily entered into the plea agreement and the appeal waiver. *See United States v. Gray*, 528 F.3d 1099, 1102 (8th Cir. 2008).

did not abuse its discretion in denying the motion, and that Murray's plea was knowing and voluntary.  <u>See</u> <u>United States v. Green</u>, 521 F.3d 929, 931 (8th Cir. 2008).  I concur in affirming the judgment of the district court.

_____