# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3512

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Lornell Centrell Mitchell,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: July 13, 2021
Filed: July 20, 2021
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Lornell Centrell Mitchell pleaded guilty to a drug conspiracy offense. The district court[1] imposed a sentence within the advisory sentencing guideline range after

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

denying Mitchell's motion to withdraw his guilty plea. Mitchell appeals the denial of that motion. His appellate counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court abused its discretion in denying Mitchell's motion to withdraw because his plea was not knowing or voluntary and his prior counsel provided ineffective assistance.

Having reviewed the record, we conclude the district court did not abuse its discretion by denying Mitchell's motion to withdraw his guilty plea. *See United States v. Haubrich*, 744 F.3d 554, 556, 558 (8th Cir. 2014). Mitchell failed to show a fair and just reason for withdrawing his plea because his statements under oath at the change-of-plea hearing contradicted his subsequent assertions that his plea was not knowingly and voluntary and that his counsel was ineffective. *See id.* at 557. Those statements "carry a strong presumption of verity." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Furthermore, we decline to consider any free-standing claims of ineffective assistance of counsel on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal falling outside the scope of the appeal waiver.

Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and deny Mitchell's motion for the appointment of new counsel.

_____