# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3713
_____

United States of America

*Plaintiff - Appellee*

v.

Montoryon Harris

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 18, 2022
Filed: January 26, 2023
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After Montoryon Harris pled guilty, pursuant to a plea agreement, to one count of interstate travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (e), and one count of committing the offense while required

to register as a sex offender, in violation of 18 U.S.C. § 2260A, the district court[1] sentenced him to 260 months imprisonment. On appeal, Harris asserts that the district court erred by denying a motion to withdraw a guilty plea that he filed before sentencing and by failing to hold an evidentiary hearing on the motion. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Harris was originally charged by indictment; however, he ultimately pled guilty, pursuant to a plea agreement, to a two-count superseding information. At the change of plea hearing, the district court questioned Harris about his understanding of the plea agreement and the knowing and voluntary nature of the plea. The district court also discussed the appeal waiver in the plea agreement, which limited Harris's right to appeal to certain enumerated circumstances. Harris affirmed that he understood the consequences of his guilty plea and the potential punishment for each count, including the statutory range of imprisonment. Harris also affirmed that he had read the plea agreement, reviewed it with his lawyer, understood its contents, and that he was satisfied with his representation by counsel.

Subsequent to Harris's guilty plea, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated his United States Sentencing Guidelines (USSG) range as 262 to 327 months imprisonment. After the parties received the PSR, Harris, despite being represented by counsel, filed a pro se motion to withdraw his guilty plea. Harris asserted that he had "just and good" cause to withdraw his plea based on ineffective assistance of counsel. Specifically, Harris alleged that his counsel was ineffective for advising him to accept a plea agreement which stipulated that uncharged criminal conduct would be considered as relevant conduct and which allowed the district court to use a preponderance of the evidence standard at sentencing. Harris also asserted that the transcript from a hearing on a pro se motion for new counsel or to proceed pro se— which Harris filed before he reached a plea agreement—would substantiate his claim

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

of ineffective assistance, apparently referencing his attorney's purported failure to disseminate all discovery to Harris and to effectively communicate with him.[2]  The district court denied the motion in a brief order because Harris filed the motion while represented by counsel, and local practice dictated that all motions by a represented defendant should be filed by counsel.  At sentencing, the district court adopted the PSR's Guidelines range and sentenced Harris to 140 months imprisonment for the interstate travel offense and 120 months for the commission of the offense while required to register as a sex offender.  The district court ordered the sentences to be served consecutively, for a total term of imprisonment of 260 months.

Harris asserts that he met his burden of showing fair and just cause to withdraw his guilty plea, and, at the very least, he was entitled to an evidentiary hearing on the motion.  "This court reviews 'both the denial of a motion to withdraw and the refusal to hold a hearing under the abuse of discretion standard.'"  United States v. Haubrich, 744 F.3d 554, 556 (8th Cir. 2014) (citation omitted).  Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea after the district court accepts the plea but before the defendant is sentenced if "the defendant can show a fair and just reason for requesting the withdrawal."  "The defendant bears the burden to establish fair and just grounds for withdrawal," United States v. Eller, 955 F.3d 730, 733 (8th Cir. 2020) (citation omitted), and Harris has failed to meet this burden.  While "ineffective assistance of counsel during the plea process 'can serve as the requisite "fair and just reason" for withdrawal,'" United States v. Trevino, 829 F.3d 668, 673 (8th Cir. 2016) (citation omitted), here, as a matter of law, the alleged deficiencies identified by Harris do not constitute ineffective assistance. First, regardless of the terms of the plea agreement, the district court was entitled to consider uncharged criminal conduct. See USSG § 1B1.3.  Second, again regardless of the terms of the plea agreement, the district court would have applied

_____

[2]A magistrate judge, after a hearing on the motion and an ex parte discussion of Harris's complaints, denied the motion for new counsel and ordered that if Harris wished to proceed pro se, he should notify his attorney to allow his attorney to request a hearing on pro se representation.  There is no record demonstrating that Harris made this request, and his attorney never requested a hearing.

a preponderance of the evidence standard to contested issues at sentencing. See United States v. Berrier, 28 F.4th 883, 887 (8th Cir. 2022). Finally, to the extent Harris argues that the denial of new counsel supports his request to withdraw his guilty plea, we note that Harris did not appeal the denial of this motion, and, in any event, a magistrate judge, after a hearing on the motion and an ex parte discussion of Harris's complaints, denied the motion after concluding that Harris's counsel "has acted in a manner that a competent and prepared attorney would." R. Doc. 33, at 1.

Further, the district court also acted within its discretion in denying Harris's motion without a hearing on the basis that he filed a pro se motion while represented by counsel. The district court noted that "[p]ursuant to this Court's local practice, if a defendant is represented by counsel, counsel shall be responsible for filing motions." R. Doc. 49, at 1. This local practice is evidenced by the contents of the Scheduling Order the district court entered, which provides: "*Pro se* filings **will not** be accepted for defendants who are represented by counsel." R. Doc. 16, at 3. Our Court has held that a district court "has no obligation to entertain pro se motions filed by a represented party," and has found no abuse of discretion in denying a motion to withdraw a guilty plea and request for an evidentiary hearing on this basis. See Haubrich, 744 F.3d at 557-58 (citation omitted). We thus find no error in the district court's denial of Harris's pro se motion to withdraw his guilty plea or in the district court declining to conduct a hearing thereon.

For the foregoing reasons, we affirm the judgment of the district court. The government's motion to dismiss the appeal is denied as moot.

_____