# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3736

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathan Stacy Berrier

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: December 13, 2021
Filed: March 11, 2022

——————————

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In June 2018, an indictment charged Jonathan Stacy Berrier with enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and with traveling in interstate commerce to engage in illicit sexual conduct with a minor in violation of § 2423(b). On September 25, 2020, after the government produced incriminating cell phone communications from Berrier, a North Carolina resident, to T.H., the 13-year-old victim living in Arkansas, Berrier pleaded guilty to the

enticement charge. The government agreed to dismiss the other count. In the plea agreement, he stipulated to a base offense level of 28, a two-level increase for use of a computer, a two-level increase for commission of a sex act, and a two-level reduction for acceptance of responsibility. This appeal concerns the sentencing proceedings that followed. At the end, the district court granted the government's motion for a fifty percent upward variance from Berrier's advisory guidelines sentencing range of 120 months, the mandatory minimum sentence provided in § 2422(b). Berrier appeals. We remand for resentencing.

## I. The Sentencing Proceedings

The Probation Office published Berrier's Presentence Investigation Report (PSR) on November 18, 2020. In Paragraph 12 of the Offense Conduct section, the PSR reported that T.H. said in a July 2017 interview with FBI special agents that Berrier "showed her his penis five or six times on FaceTime" and, at his request, she sent Berrier "two nude pictures of herself (one of her breasts and one of her vagina)." Berrier timely objected that he did not show T.H. his penis on FaceTime and did not receive a nude picture of her vagina. (Berrier had orally objected to these allegations at the September 25 change-of-plea hearing.) Paragraph 32 of the PSR recommended a five-level increase under USSG § 4B1.5(b) because Berrier engaged in "a pattern of activity involving prohibited sexual conduct." Berrier objected to Paragraph 32 on two grounds -- because this enhancement was not included in the plea agreement stipulations, and because Berrier "denies that he has engaged 'in a pattern of activity involving prohibited sexual conduct.'"

On December 3, the government e-mailed the Probation Officer a response to Berrier's objections that included "additional factual basis" with respect to his fact objections. The e-mail stated that the parties "did not contemplate" a five-level increase under § 4B1.5(b), but opined that these additional materials reflect "more than one sexual exploitation" of T.H. by Berrier.

On December 9, five days before the sentencing hearing, the Probation Officer published a revised PSR. Of significance here, the revised PSR (i) retained Paragraph 12 and (ii) based on materials submitted by the government on December 3, added Paragraph 13. The lengthy Paragraph 13 stated that T.H. "provided a handwritten timeline to law enforcement" detailing Berrier's two trips from North Carolina to Arkansas in February and March 2018 during which they repeatedly engaged in sexual intercourse. The revised PSR also retained the recommendation in Paragraph 32 (now renumbered Paragraph 33) for a five-level § 4B1.5(b) increase. In the Objections section, the revised PSR noted that Berrier objected to Paragraphs 12, 13, and 33, stating with respect to Paragraph 13 that "the defendant denies he engaged in a pattern of activity involving prohibited sexual conduct." The Probation Officer's response stated:

> There was more than one sexual exploitation of [T.H.], and the Government provided a written summary of what they consider to be a factual basis for those encounters. . . . [T]he Government has indicated they are prepared to submit exhibits at sentencing.

On December 14, the day of the remote sentencing hearing, the government filed a Motion for Upward Variance based primarily on fact allegations in Paragraph 13 of the revised PSR that Berrier had traveled from North Carolina to Arkansas in February and March 2018 to engage in sexual intercourse with T.H. multiple times. At the start of the hearing, the district court asked defense counsel if he "had a chance to take a look at" the revised PSR. Counsel responded that the December 9 revised PSR was delivered late on December 13, the day before sentencing. "There was an addendum to it that addressed our objections," counsel stated. "The substance of it did not change." That was a serious misstatement. Paragraph 13, new to the revised PSR, provided the primary factual basis for the government's newly filed Motion for Upward Variance, based on a Forensic Interviewer's recorded interview with T.H. on May 18, 2018.

-3-

The district court next asked Berrier, attending by phone from a West Tennessee holding facility, if he had looked at the PSR. Berrier replied, "The one I have . . . was sent November 18th." Berrier obviously did not have a chance to review the December 9 revised PSR with counsel before the sentencing hearing. The district court noted that defense counsel would become a judge at the end of the month but expressed concern that Berrier was "somewhat reluctant to proceed without being able to talk to his lawyer." Berrier responded, "I have a right to appeal if it goes over what we agreed to in the plea agreement . . . . I think we should proceed." The hearing continued.

The district court next addressed Berrier's objections to the PSR. Defense counsel noted Berrier's objection to facts stated in Paragraph 12. The government responded, "Paragraph 12 . . . [is] not a statement of fact of what actually happened but it's the minor's statement to the investigators telling them, 'This is what happened to me.'" Without ruling on the factual accuracy of Paragraph 12, the district court noted Berrier's objection and ruled, "I'm going to leave the language in there that this is what the minor says happened." Defense counsel did not object.

Turning to the objection to Paragraphs 13 and 33, defense counsel again objected to the five-level § 4B1.5(b) increase. Without ruling on Berrier's objection to the facts stated in Paragraph 13, the district court ruled: "[T]he government has stated that it did not anticipate that enhancement. And so I'm going to . . . sustain the objection to the enhancement, but we're going to take up the issue of the upward variance later in the hearing." Again, defense counsel did not object.

The district court then took up the government's motion for an upward variance to a sentence of 180 months imprisonment, fifty percent more than the advisory guidelines range sentence of 120 months, the statutory mandatory minimum sentence. Government counsel asked if the court had received the exhibits sent "earlier this morning." The court checked and confirmed: "At 12:14, I received an e-mail with

four exhibits [and] five attachments, but I have not looked at these." The government stated that defense counsel "has had access to them, so I don't think he objects to their inclusion, and then the two audio copies of the interviews."[1] Government counsel added the exhibits would take hours to review, and "I think really the essence of the arguments are going to be packaged in the presentence report and in our responses to Mr. Berrier's objections." Defense counsel agreed "the exhibits basically are the evidence used by [the Probation Officer], and she summarized those in the presentence report." The district court then received the exhibits into evidence, without objection; confirmed that the guidelines range is 120 months; and granted the motion for upward variance without reviewing the exhibits.

In arguing in support of its motion for upward variance, the government relied almost exclusively on the exhibits it submitted as summarized in the revised PSR:

> [Berrier] learned how old [T.H.] was early on and continued this relationship with her for months at a time, had very sexually explicit conversations with her.
> [Berrier] came from North Carolina to Arkansas on three occasions. In February, he came here and engaged in a sex act with her. Then he came back in March and engaged in multiple sex acts with her over a significant period of time, over her week of spring break.
>
> *   *   *   *   *
>
> As discussed in our objections to the PSR, the Court can see the sexually explicit nature of the conversation[s]. It corroborates the statements [T.H.] made, while not explicitly, implicitly implying that what she said was true.

---

[1] The recorded government interviews of T.H., by far the most important exhibits in reviewing the grant of the motion for upward variance, are not in the record on appeal.

In granting the motion and imposing a 180-month sentence, the district court explained, "It's the conduct itself." "[W]hen an adult has a sexual relationship with a 13 year old, that's a baby, that's a child . . . a heavy penalty has to be paid for that." "It's rape. When you have sex with a girl that little, there is no justification for it at all." The court made no findings as to whether the objected-to fact statements in Paragraphs 12 and 13 of the revised PSR are accurate.

## II. Discussion

On appeal, Berrier, represented by new counsel, correctly argues that Federal Rule of Criminal Procedure 32(g) was violated when the Probation Officer did not submit the revised PSR and unresolved objections to Berrier and his attorney "[a]t least 7 days before sentencing." He argues this violation requires a remand for resentencing. As he made no timely objection at sentencing, we review this issue for plain error. United States v. Lovelace, 565 F.3d 1080, 1090 (8th Cir. 2009). The error here is plain because there is no dispute that these documents did not reach Berrier or his attorney in time. The more difficult issue is whether Berrier was prejudiced by these errors.

It is well established, at least in this Circuit, that the PSR is not evidence, nor is it a legally sufficient basis for findings on contested issues of material fact. United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc). When the defendant objects to fact allegations in the PSR, as in this case, "the court must either make findings by a preponderance of the evidence or disregard those facts." United States v. Webster, 788 F.3d 891, 892 (8th Cir. 2015). "Adopting the PSR is simply not enough." United States v. Holt, 969 F.2d 685, 688 (8th Cir. 1992). Here, as the hearing continued, the government and the district court failed to comply with these fundamental principles of fairness in sentencing. At the government's urging, the district court received recorded forensic interviews of T.H. into evidence as simply "this is what the minor says happened." But then the government's repeated

arguments in support of a substantial upward variance -- in its Motion for Upward Variance, at sentencing, and in its brief on appeal -- *assumed the truthfulness of facts* reflected in those interviews.

Without question, in resolving disputed issues of fact at sentencing, the district court may rely on relevant hearsay "so long as that evidence possesses 'sufficient indicia of reliability to support its probable accuracy.'" United States v. Sheridan, 859 F.3d 579, 583 (8th Cir. 2017), quoting USSG § 6A1.3(a). This rule applies to the admission at sentencing of video interviews of minor females alleging sexual abuse or exploitation. See United States v. Bastian, 603 F.3d 460, 466-67 (8th Cir. 2010). But it requires the government to prove "sufficient indicia of reliability" by a preponderance of the evidence. Here, the Probation Officer relied on what the government provided. Neither T.H., nor the forensic interviewer, nor the FBI special agent who reportedly received inconsistent statements from T.H. in a fall 2017 interview, nor any of T.H.'s relatives who were alleged by the government to have corroborating information, testified as to the "probable accuracy" of statements that Berrier repeatedly and emphatically denied. Defense counsel mistakenly advised the district court that the substance of the PSR "did not change" when the factually critical paragraph 13 was added to the revised PSR, and did not press for explicit findings on Berrier's fact objections to Paragraphs 12 and 13. But these mistakes are likely attributable to the government's failure to timely deliver the revised PSR in violation of Rule 32(g), and then in not filing its Motion for Upward Variance until the sentencing hearing was well underway. Thus, although the district court's decision to proceed with the sentencing hearing with Berrier's approval despite the Rule 32(g) violation was not, standing alone, prejudicial, what happened after that decision may well have substantially affected Berrier's rights. In any event, Berrier's objections to the PSR adequately preserved these other problems for appeal.

In explaining its decision to grant an upward variance, the district court emphasized that Berrier had "sex with a girl that little," a fact Berrier admitted at the

change-of-plea hearing, establishing a factual basis for the plea. The court made no mention of Berrier's multiple trips to Arkansas to engage in repeated sexual intercourse or his months of sexually inappropriate electronic communications with T.H., the fact allegations underlying the government's motion. Berrier argues his sentence is substantively unreasonable because the district court improperly relied on a factor already accounted for in his 120-month guidelines sentence, the minimum 10-year sentence prescribed in 18 U.S.C. § 2422(b). But that does not establish sentencing prejudice. The general rule is that "a district court may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts." United States v. Fiorito, 640 F.3d 338, 352 (8th Cir. 2011).[2]

The remaining problem is that without critical fact allegations in the revised PSR relied upon by the government, and denied by Berrier, all the district court had to rely on for a very substantial upward variance was a single admitted act of "sexual activity" that made Berrier subject to a minimum 10-year sentence. In these circumstances, we have no reasonable basis to conclude whether the district court would have imposed the same sentence after a sentencing hearing at which those allegations were either set aside as unproved, or were found to be probably accurate after a proper evidentiary inquiry. Whatever findings may result from that inquiry, the district court would still have substantial discretion to vary upward.

Assuming contested facts in his favor, Berrier argues his conduct was not different from the "ordinary case" and therefore the district court abused its discretion in varying upward. But we do not require "'extraordinary' circumstances to justify a sentence outside the Guidelines." United States v. Feemster, 572 F.3d 455, 462 (8th

---

[2]However, we have "counsel[ed] courts to take care in doing so." United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018). In United States v. Newman, 782 F. App'x 506, 508 (8th Cir. 2019), we affirmed as not substantively unreasonable a 180-month sentence for a § 2422(b) offense, a 60-month upward variance.

Cir. 2009) (en banc).  We reject Berrier's additional argument that the district court committed plain error by imposing a sentence to promote his rehabilitation.  "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment." Tapia v. United States, 564 U.S. 319, 334 (2011).

For these reasons, we conclude that a remand for resentencing is the proper disposition of this appeal.  Accordingly, we vacate the judgment of the district court and remand for resentencing.  We leave to the court's discretion whether to afford the government a second opportunity to properly support the revised PSR's contested fact allegations.

_____